■ MARGARET PALACIO, Respondent, v JOSEPH PALACIO, Appellant.—In a divorce action, defendant appeals from so much of an order of the Supreme Court, Nassau County, dated April 4, 1979, as denied his motion (1) for leave to serve an amended and supplemental answer alleging two counterclaims and (2) to compel plaintiff to submit to an examination before trial. Order modified by deleting therefrom the provision denying the branch of defendant's motion which sought leave to serve an amended and supplemental answer and substituting therefor a provision granting said branch of the motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements. In the proper exercise of its discretion, the court should have granted defendant's application for leave to amend his answer based on newly discovered evidence to substantiate his claim of adultery. CPLR 3025 (subd [b]) mandates that leave to amend pleadings should be freely given absent prejudice. Under the circumstances, the four-month delay between the time the note of issue was filed and the time of defendant's application for leave to amend his answer was not prejudicial to plaintiff. Hopkins, J. P., O'Connor, Lazer and Margett, JJ., concur.

■ GLORIA PAVESE et al., Respondents, v ANTHONY DI SALVO, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Westchester County, dated March 19, 1979, which denied his motion for summary judgment or, in the alternative, for leave to serve an amended answer. Order affirmed, with $50 costs and disbursements. The sole issue before the arbitrator, and passed upon by him, related to insurance coverage and not to the question of causal relation in the action for damages. The issue of proximate cause is, therefore, to be resolved at the trial. Hopkins, J. P., Damiani, Cohalan and Gibbons, JJ., concur.